IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZACHARY S.,[1] ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> MARTIN J. O'MALLEY, ) <br> Commissioner of Social Security,[2] ) <br> ) <br> **Defendant.** ) <br> ) | No. 22 C 5910 <br><br> Magistrate Judge <br> Daniel P. McLaughlin |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Zarchary S.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [18] is granted in part, and Defendant's cross-motion for summary judgment [23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On February 21, 2020, Plaintiff filed claims for DIB and SSI, alleging disability since January 31, 2019. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on January 18, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 28, 2022, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 31, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: obesity; insomnia; depression; anxiety; and autism spectrum disorder. The ALJ concluded at

step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following additional limitations: can occasionally lift 50 pounds; can frequently lift and/or carry 25 pounds; can stand and/or walk about 6 hours out of an 8-hour workday; can sit about 6 hours out of an 8-hour workday; can push and/or pull to include operation of hand and/or foot controls as restricted by the limitations on lifting and/or carrying; is limited to work that requires performing simple and routine tasks; is precluded from work with fast-paced production requirements, but can perform work tasks at a variable pace; work should involve only end-of-day production requirements with no hourly or other periodic production quotas; is limited to work that requires only occasional interaction with the public in the work setting; work should not require performing tandem tasks with co-workers; and work should require only occasional changes in the work setting. At step four, the ALJ determined that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

5

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC finding was not supported by substantial evidence; (2) the ALJ's evaluation of the opinions of treating counselor Ms. Angel was not supported by substantial evidence; and (3) the ALJ failed to set forth a legally sufficient symptom evaluation.

Pertinent to Plaintiff's third argument, the ALJ noted Plaintiff's alleged symptoms and difficulties, including his testimony that "he was unable to work because he could not perform the tasks of any job he had held at the expected pace." (R. 28.) Along those lines, the ALJ noted Plaintiff's allegations that his job as a waiter "ended because he could not meet the expected pace" and he "also had

6

problems [with retail jobs] because of his inability to perform tasks at the expected pace." (*Id.*) However, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 29.) The ALJ then offered the following analysis of Plaintiff's allegations:

> The difficulty with the claimant's allegation of disability is the limitations he alleged prevented him from working were not documented. For example, the claimant testified to having a problem with fine motor control in his hands "due to my affliction." However, the record did not show he had sought treatment for this problem. Additionally, the claimant testified to enjoying crocheting, playing video games, and to playing the clarinet. He did not testify to difficulty using his hands when performing these activities even though each requires fine motor control.
>
> The claimant testified that he could not drive because it made him nervous. However, the record showed that he had been able to use public transportation to travel to a job. The claimant testified to not owning a business. However, the record documented his report of baking and selling pastries to a local cafe since at least October 2020.
>
> The claimant testified that he had difficulty maintaining the pace required by employers when working. However, it was noted that the claimant had testified to playing the clarinet and . . . for music classes had performed with other people. This suggested that he was capable of sustaining the pace necessary to stay in time with the music and the other musicians.

(*Id.* at 30 (citations omitted).)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, if the "main factors identified by the ALJ as informing his negative assessment of [a claimant's] credibility were

7

either improperly analyzed or unsupported by substantial evidence, the determination itself must be considered patently wrong." *Ghiselli v. Colvin*, 837 F.3d 771, 778-79 (7th Cir. 2016). In this case, the Court finds that the rationales identified by the ALJ for discounting Plaintiff's allegations were improperly analyzed or unsupported by substantial evidence. Though the ALJ discussed Plaintiff's use of his hands, Plaintiff's main allegations of disability stem from his problems with pace, not from any problems with fine motor skills. *See Sherrill P. v. Kijakazi*, No. 20 C 6470, 2022 WL 2757893, at *4 (N.D. Ill. July 14, 2022) ("Ultimately, the ALJ's reasoning is faulty because it is mostly disconnected from the actual allegations in the case."). Furthermore, it is unclear why Plaintiff's ability to use public transportation undercuts his allegations of difficulty driving. *See Ghiselli*, 837 F.3d at 778-79. Similarly, it is unclear how Plaintiff's ability to play the clarinet in music class undermines his allegations of difficulty sustaining pace requirements in retail and service jobs. *See Joseph R. v. Kijakazi*, No. 21 C 1882, 2022 WL 16923464, at *4 (N.D. Ill. Nov. 14, 2022) ("[T]he ALJ apparently found it significant that Plaintiff had expressed an interest in learning to scuba dive. The Court agrees with Plaintiff that the ALJ did not sufficiently explain why Plaintiff's unrealized hope to try to learn scuba diving undermined his allegations."). The ALJ's insufficient analysis concerning Plaintiff's alleged symptoms requires that this matter be remanded. *See Byndum v. Berryhill*, No. 17 C 01452, 2017 WL 6759024, at *5 (N.D. Ill. Dec. 15, 2017) ("Because the ALJ's

8

credibility determination was based on factors that were not properly analyzed and/or not supported by substantial evidence, remand is warranted.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the RFC assessment is properly supported and the opinion evidence is properly weighed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [18] is granted in part, and Defendant's cross-motion for summary judgment [23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    **December 18, 2024**

                                              **HON. DANIEL P. McLAUGHLIN**
                                              **United States Magistrate Judge**